**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RIK IOF Millennia Buck Portfolio, LLC, *et al.*, | : | Case No. 1:25-cv-00561 |
| | : | |
| Plaintiffs, | : | Judge Solomon Oliver, Jr. |
| | : | |
| v. | : | |
| | : | |
| Brandegee Garden NY, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT**

Plaintiffs RIK IOF Millennia Buck Portfolio, LLC, Lobo Feroz, LLC, and Jonathon Grassi (collectively, "Plaintiffs") are entitled to an order entering final judgment in their favor on their breach of contract claims (Counts II-VII) and certifying that judgment because there is no just reason for delay. Plaintiffs explained in their Motion for Entry of Judgment (the "Motion for Separate Judgment," Doc. No. 41) why they are entitled to that relief. Defendants' Response in Opposition (the "Opposition," Doc. No. 43) fails to address **any** of the factors for entry of final judgment. Instead, it rests entirely on an untimely new argument. Plaintiffs' Motion for Separate Judgment should be granted.

In granting Plaintiffs' Motion for Partial Judgment on the Pleadings directed to the breach of contract claims (the "MJOP," Doc. No. 30), this Court unequivocally ordered judgment in Plaintiffs' favor in the amount of $12,945,000, plus interest (the "MJOP Order," Doc. No. 40). In their Motion for Separate Judgment, Plaintiffs set forth and analyzed the factors courts consider in ruling on motions under Rules 54(b) and 58. Rather than attempting to rebut those factors, Defendants devote their entire Opposition to presenting a new, untimely argument, that is improperly raised at this juncture.

In granting the MJOP, this Court expressly found:

- "Defendants do not deny the Put Notice identified the Purchase Price of $12,945,000 and the date of closing[.]" (MJOP Order, p. 15.)

- Defendants did not dispute that the Put Notice that Plaintiffs provided "was valid and sufficient[.]" (*Id*.)

- **Defendants did not dispute that "they had a ten day period to object in writing to the Put Purchase Price."** (*Id*. (emphasis added; internal quotations omitted).)

- **"Defendants do not claim they objected, and, even if they did, the undisputed record reflects that no objection was made within the 10-day period."** (*Id*. (emphasis added).)

- "Thus, Plaintiffs properly exercised their Put Rights, and got no objection; thereby requiring Defendants to purchase all of the Interests then owned by the RIK Members…." (*Id*. (internal quotations omitted).)

Faced with those determinative facts, Defendants now claim that the Court is somehow precluded from entering final judgment because the Court did not determine how damages are to be divided up among Defendants.[1] (*See generally* Opp.) Defendants never raised that objection when Plaintiffs asserted the put right, and they point to nothing in the record demonstrating otherwise. Nor, for that matter, did Defendants raise that argument in opposition to the MJOP. Given that this Court has already granted judgment in Plaintiffs' favor on the breach of contract counts, Defendants' Opposition is merely an improper motion for reconsideration filed under the guise of an opposition to a motion for entry of final judgment. The Sixth Circuit has rejected exactly this type of conduct:

> The Federal Rules of Civil Procedure authorize at least two vehicles for seeking what, in effect, amounts to reconsideration of a court's final judgment. *See* Fed. R. Civ. P. 59(e) (motion to alter or amend a judgment); *see also* Fed. R. Civ. P. 60(b); *Banister v. Davis*, 590 U.S. 504, 140 S. Ct. 1698, 1710 n.9, 207 L.Ed.2d 58 (2020) (recognizing that Rule 60(b) motions filed within 28 days of final judgment are

---

[1] To be clear, consistent with this Court's finding in its MJOP Order, "Defendants Millennia Housing Development, Millennia Housing Management, and Frank T. Sinoto, are not parties to" the MJOP, "as Counts II–VII are brought only against the Defendant LLCs. Accordingly, any mention of 'Defendants' [in this Reply] refers only to the Defendant LLCs." (MJOP Order, p. 9 n.2.) Plaintiffs are not attempting to broaden the Court's MJOP Order to extend to Defendants Millennia Housing Development, Millennia Housing Management, or Frank T. Sinito.

commonly treated as Rule 59(e) motions). **In either case, a reconsideration motion, given its post-decision posture, is typically not a vehicle to present new arguments that could have been raised prior to the court's dispositive decision.** *See Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) (Rule 59(e)); *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001) (Rule 60(b)).

*In re E. Palestine Train Derailment*, 160 F.4th 751, 759 (6th Cir. 2025) (emphasis added); *see also Jackson v. City of Cleveland*, 219 F. Supp. 3d 639, 642 (N.D. Ohio 2016) ("At the outset, it is important to note that Jackson's argument was never raised before and that new matters are inappropriately addressed for the first time on a motion for reconsideration."); *Flexsys Am. LP v. Kumho Tire U.S.A., Inc.*, 726 F. Supp. 2d 778, 787 (N.D. Ohio 2010) ("It is not the function of a motion to reconsider…to proffer a new legal theory…when the legal theory…could, with due diligence, have been discovered and offered during the initial consideration of the issue." (quotations and citations omitted)); *accord Eli Lilly & Co. v. Arch Ins. Co.*, 2024 WL 1285713, at *3 (S.D. Ind. Mar. 25, 2024) ("Motion practice is not an exercise in trial and error or maybe-maybe not where a party can reserve arguments to present later if earlier ones fail. The Court is entitled to assume that, if [a party] had viable arguments to support its claim, it would have presented them.") (internal citations and quotations omitted).

By contract, Defendants had the opportunity to object to how the Put Notice was presented and calculated. This Court already found they failed to do so. (MJOP Order, p. 15.) Further, nothing prevented Defendants from raising in their MJOP briefing an argument that judgment on the breach of contract claims is improper absent evidence of how damages are to be apportioned among the defendants. They waived that argument by failing to raise it then, and their Opposition does not even attempt to explain why they could not have done so previously. This is a textbook example of "an unhappy litigant" improperly attempting to use post-loss briefing as "an opportunity to relitigate matters already decided." *Flexsys Am. LP*, 726 F. Supp. 2d at 787.

3

Had Defendants raised this new-found argument in their MJOP briefing, Plaintiffs would have pointed to Paragraphs 91 and Exhibit 7 to the Complaint (and Answer) where they alleged—and Defendants did not dispute—that the Put Right Notice expressly was made based on Plaintiffs' "determination of the Preferred Equity Amount **for the aggregate RIK Members' interest across all six Companies**," and Defendants never objected to that calculation or aggregation. (Emphasis added.) Plaintiffs also would have explained that Defendants never requested a breakdown of the Put Price. And for good reason. This issue is a smokescreen; damages will be allocated across the Defendant entities, as dictated by their identical operating agreements and uniform ownership structures, facts this Court already found Defendants had admitted. (MJOP Order, pp. 3-4 ("The Operating Agreements…for all LLCs are identical in substance."); *see also id.*, p. 9 ("The operative contracts in this case are the LLCs' Operating Agreements" and "[t]he parties agree all [the] Operating Agreements are identical.").) Finally, even if Defendants' post-eleventh-hour argument were somehow meritorious, their failure to raise it timely—in the context of the MJOP briefing—makes considering it now, after the Court granted the MJOP, highly prejudicial.

Defendants took their bite of the apple and lost. They are not permitted another bite now, and they offer no rebuttal to any of the factors supporting entry of final judgment and certification of that judgment under Rules 54(b) and 58. Therefore, Plaintiffs respectfully ask the Court to enter a separate judgment on its ruling on Plaintiffs' Motion for Partial Judgment on the Pleadings under Civil Rule 58 and certify it under Civil Rule 54(b), finding that there is no just reason for delay.

4

Respectfully submitted,

*/s/ Joshua A. Klarfeld*
Joshua A. Klarfeld (0079833)
ICE MILLER LLP
600 Superior Avenue East, Suite 1600
Cleveland, OH 44114
Telephone: (216) 394-5063
Email: Joshua.Klarfeld@icemiller.com

Kishala Srivastava (0098807)
ICE MILLER LLP
250 West Street, Suite 700
Columbus, OH 43215
Telephone: (614) 462-5040
Email: Kishala.Srivastava@icemiller.com

*Counsel for Plaintiffs RIK IOF Millennia Buck Portfolio, LLC, Lobo Feroz, LLC, and Jonathon Grassi*

5

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on the 16th day of April 2026, a copy of foregoing was served by the

Court's CM/ECF System upon all counsel of record in this case.

*/s/ Joshua A. Klarfeld*      
*Counsel for Plaintiffs*
